IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL D. LYNCH and CANDENCE B. LYNCH, | ) ) ) |
| Appellants, | ) ) ) C.A. No. 20-182 (MN) |
| v. | ) ) |
| ALAN M. JACOBS, in his capacity as the FORMER LIQUIDATING TRUSTEE OF THE NEW CENTURY LIQUIDATING TRUST, | ) ) ) ) ) ) |
| Appellee. | ) |

## MEMORANDUM OPINION

Michael D. Lynch and Candence B. Lynch, Miami, FL – *Pro se* Appellants.

Victoria A. Guilfoyle, Brian J. Hall, BLANK ROME LLP, Wilmington, DE; Mark S. Indelicato, Jeffrey Zawadski, HAHN HESSEN LLP, New York, NY – Attorneys for Appellee.

November 23, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court are *Appellants' Motion to Alter, Amend, and Reconsider this Court's Memorandum Opinion and Order Affirming the Delaware Bankruptcy Court's Reissued Memorandum Order Denying Appellants' Motion to Reopen* (D.I. 22) ("Motion").[1]  For the reasons set forth herein, the Court will deny the Motion.  Appellants seek the correction of purported errors of law to prevent "manifest injustice" pursuant to Federal Rule of Civil Procedure 59(e) and, presumably, the "catchall" provision of Federal Rule of Civil Procedure 60(b)(6). (D.I. 22 at 2).  Because in the Motion Appellants attempt to re-litigate arguments that were already considered and rejected by this Court, the Motion fails to satisfy the requirements of either Rule 59(e) or 60(b) and will be denied.

I. **BACKGROUND**

Appellants move to alter, amend, and reconsider its February 16, 2021 Memorandum Opinion (D.I. 18) and Order (D.I. 19), pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which are applicable to this proceeding through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, respectively.

II. **APPLICABLE LEGAL STANDARD**

A Rule 59(e) motion must be based on "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to those terms in the Motion.

Courts considering motions for reconsideration have held that a "'clear error of law or fact' requires a finding that the error is 'plain and indisputable . . . amount[ing] to a complete disregard of the controlling law or the credible evidence in the record.'" *In re Energy Future Holdings Corp.*, 575 B.R. 616, 629 (Bankr. D. Del. 2017) (quoting *In re Titus*, 479 B.R. 362, 368 (Bankr. W.D. Pa. 2012)) (remaining citations omitted). Similarly, courts have observed that "manifest injustice"

> is an error in the trial court that is direct, obvious, and observable . . . . A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable . . . . [T]he record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.

*Id.* (*quoting Titus*, 479 B.R. at 367-68).

Under Rule 60(b), relief from an order may be sought under certain enumerated circumstances, including, relevant to the Motion, "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

It is well settled that reconsideration is reserved for "extraordinary circumstances." *See, e.g., In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018). It "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Jester v. State Dep't of Safety*, 2016 WL 4497055, *1 (D. Del. Aug. 26, 2016) (internal quotations and citation omitted). Reconsideration "is not intended to present a litigant with a second bite at the apple." *Id.* (internal quotations and citation omitted). The movant "bears a heavy burden" in showing that reconsideration is appropriate. *See, e.g., Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

### III. DISCUSSION

The Motion argues that the Trustee (1) lacked authority to take any action with respect to their loan pursuant to paragraph 69 of the MCO2 (D.I. 22 at 3-6), and (2) was precluded from raising collateral estoppel or res judicata as a defense to Appellants' motion to reopen the New Century bankruptcy cases (*id*. at 7-10).  These arguments were already considered and rejected by this Court.  Accordingly, the Motion fails to satisfy the requirements of either Rule 59(e) or 60(b).

#### A. Appellants' MCO Interpretation Argument Has Been Considered and Rejected

Appellants argue that this Court erred as a matter of law because "it declined to interpret ¶ 69 out of deference to the DBKC" and failed to first "determine if [¶ 69] is ambiguous" before deferring to the DBKC's interpretation of ¶ 69 of the MCO.  (D.I. 22 at 2).  In support of these alleged errors, however, Appellants rehash their prior arguments that it is (a) "clear and unambiguous that[,] as a matter of law, pursuant to ¶ 69 of the MCO, the only party entitled to request and receive relief is a party which purchased a mortgage loan directly from one of the Debtors or an agent acting on behalf of such party" (*id*. at 4), and, therefore, (b) the Trustee lacked authority to "execute[] the LPOA and authorize[] the execution of the Walker Affidavit and Allonge upon the request of the FL Defendants." (*Id*. at 6).

These arguments were briefed (*see* D.I. 12 at 33- 35 & D.I. 14 at 5-7), considered, and rejected by this Court.  (*See* Memorandum Opinion at 17-19).  As such, reconsideration is inappropriate. *See, e.g., Lazaridis*, 591 F.3d at 669 (where "motion advanced the same arguments that were in complaint and [previous] motions . . . [there was no] proper basis for reconsideration."); *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (reconsideration is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously").  Even assuming these arguments warranted reconsideration, Appellants

3

misstate or misapprehend the facts and this Court's findings.  Contrary to Appellants' assertions, this Court ruled that the actions taken by the Trustee were "required" to be taken pursuant to "the clear language of the Modified Confirmation Order."  (Memorandum Opinion at 17).  Appellants disagree with the Court's ruling and continue to argue for an interpretation contrary to a plain reading of ¶ 69 of the MCO.  (D.I. 22 at 4).  Appellants' disagreement with the Court's ruling, however, constitutes neither "manifest injustice" nor the "extraordinary circumstance" necessary for reconsideration.  *See Am. Media Inc. v. Anderson Mgmt. Servs. (In re Anderson News, LLC)*, 2018 WL 2337132, *4 (D. Del. May 23, 2018) ("A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling"); *Carr v. Jacobs (In re New Century TRS Holdings, Inc.)*, 2013 WL 1680472, *2 (D. Del. Apr. 17, 2013) ("disagree[ment] with court's ruling . . . is an insufficient basis for relief under Rule 60(b)(6)").

### B. Appellants' Preclusion Argument Has Been Considered and Rejected

Appellants further argue that this Court erred as a matter of law because the "FLBKC's denial of the Expedited Motion . . . [resulted] in Mr. Jacobs et al. [being] [c]ollaterally [e]stopped from raising the [d]octrines of [c]ollateral [e]stoppel and [r]es [j]udicata as a defense" to the motion to reopen New Century's bankruptcy cases (D.I. 22 at 8), and "this Court lacks jurisdiction to enter an order contradicting the FLBKC Judgment." (*Id*. at 7).  In support of this argument, however, Appellants have rehashed their prior, flawed arguments and baseless inference that the FLBKC order somehow precluded the Trustee from arguing that Appellants' claims were barred by res judicata and collateral estoppel.  (*Id*. at 7-10).  These arguments have already been extensively briefed (*see* D.I. 12 at 36-38 & D.I. 14 at 7-10), considered, and rejected by this Court.  (*See* Memorandum Opinion at 20-22).  This Court has determined that the arguments and the supporting documents that Appellants sought to have the Court take judicial notice of were offered for the

first time on appeal, and, therefore, could not be considered. Even if they were not being raised for the first time on appeal, the Court determined that the documents were not relevant to the new arguments raised by Appellants because the FLBKC did not make any findings with respect to collateral estoppel or res judicata; rather, it merely declined to exercise its discretion to issue an injunction under the All Writs Act in denying the Expedited Motion. (*See* Memorandum Opinion at 22). As such, reconsideration is inappropriate. *See, e.g., Lazaridis*, 591 F.3d at 669; *Karr*, 768 F. Supp. at 1093.

Finally, even if the Court were to consider the substance of Appellants' arguments, the arguments fail as they misconstrue the law. It is black letter law that the only court that had jurisdiction to determine whether reopening the New Century bankruptcy cases was warranted (including whether no valid purpose would be served by reopening those cases due to res judicata or collateral estoppel) was the DBKC. *See* 11 U.S.C. § 350(b); 28 U.S.C. §157(b)(1)-(2)(A). Moreover, as the Trustee correctly points out, Appellants' argument that "the Delaware Courts lack jurisdiction to interpret and/or reverse a valid judgment of the Florida Bankruptcy Court" (D.I. 22 at 7) is at odds with the relief Appellants seek from this Court—to "send the case back to the DBKC for further consideration of the issues related to Mr. Jacobs defenses and the FLBKC Final Judgment." (*Id*. at 10). Thus, although Appellants clearly disagree with this Court's ruling, such disagreement does not constitute "manifest injustice" or the "extraordinary circumstance" necessary for reconsideration. *See Anderson News,* 2018 WL 2337132, *4; *New Century*, 2013 WL 1680472, *2

## IV. CONCLUSION

The Motion is an attempt to re-litigate arguments that were already considered and rejected by this Court. As such, the Motion fails to satisfy the requirements of either Rule 59(e) or 60(b). An appropriate order follows.